WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Dora Beatriz Martinez - 002<br>Jorge Luis Preciado-Nunez - 003,<br><br>　　　　Defendants. | No. CR-25-01111-002-TUC-JCH (MSA)<br><br>**ORDER** |

Before the Court is the Government's Motion in Limine to Admit Video Deposition Testimony at Trial (Doc. 119) and the Government's Motion in Limine for Ruling on Objections from Video Deposition and Government's Additional Proposed Redactions (Doc. 120). The Government first asks the Court to admit into evidence at trial videotaped deposition testimony from a material witness. (Doc. 119 at 1.) The Government also asks the Court to rule on the objections made at the deposition and additional proposed redactions to the deposition recording, should it be admitted. (Doc. 120 at 1). For the following reasons, the Court will grant both motions and overrule the objections.

**I.　　Motion in Limine to Admit Video Deposition Testimony at Trial (Doc. 119)**

The Government's Motion in Limine to Admit Video Deposition Testimony at Trial asks the Court "to find material witness Frederick Alonso Cisneros Castillo ("Mr. Cisneros") unavailable and admit his videotaped deposition testimony into evidence at trial. (Doc. 119 at 1.) Defendants did not respond to the Motion.

Under Federal Rule of Evidence ("Rule") 804, former testimony is not excluded by

the rule against hearsay if the declarant is unavailable as a witness, and the testimony meets the following criteria: (1) it "was given as a witness at a trial, hearing, or lawful deposition," and (2) it "is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." *See* Fed. R. Evid. 804(b)(1). A declarant is considered unavailable for the purposes of Rule 804(b)(1) if the declarant "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance." Fed. R. Evid. 804(a)(5)(A).

      Here, the Government seeks to admit testimony taken under oath during a deposition at which Defendants and defense counsel were present, and defense counsel had the opportunity to cross-examine the witness. (*See* Doc. 119 at 1–2; *see generally* Doc. 120-1). At the conclusion of the deposition, the parties jointly moved and stipulated to the release of the witness to his home country and stipulated that considering the witness's removal, he would be deemed "unavailable as defined in Fed. R. Evid. 804" and thus "the video deposition may be used as substantive evidence" at trial. (Docs. 26, 27, 29.) Magistrate Judge Aguilera granted the parties' joint motions/stipulations and directed the release of the witness. (Doc. 30.) The Government states that the material witness was removed from the United States after the deposition and material witness counsel has since attempted to contact the witness. (*See* Doc. 119 at 2.) Border Patrol checked its database and found that the witness "has not been encountered by any immigration agency since he was removed but added an alert if he gets arrested before trial." (*Id.* at 2–3.) The "Government will continue to monitor his status." (*Id.*) Accordingly, the deposition testimony meets the requirements for admissibility under Rule 804 so long as the Government can show its continued efforts to secure the witnesses' presence at the time of trial.

      The admission of the material witnesses' deposition testimony does not violate the Confrontation Clause. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *United States v. Torralba-Mendia*, 784 F.3d 652, 665 (9th Cir. 2015); U.S. Const. Amend.

VI. The Sixth Amendment "prohibits the introduction of testimonial statements by a nontestifying witness, unless the witness is unavailable to testify, and the defendant had a prior opportunity for cross-examination." *Ohio v. Clark*, 576 U.S. 237, 243 (2015) (internal citation and quotation omitted). Here, the material witness is currently unavailable, and Defendants had an opportunity to cross-examine him. Accordingly, so long as the witness remains unavailable, the Confrontation Clause is satisfied.

**II.     Motion in Limine for Ruling on Objections from Video Deposition**

Because the deposition testimony itself is admissible non-hearsay, the Court must now determine what portions of the testimony are admissible. The Court's ruling on each objection from the material witness deposition are listed below along with an abbreviated reason for each ruling:

1. Withdrawn
2. Withdrawn
3. Overruled – Non-hearsay
    a. Under Federal Rule of Evidence 801, hearsay is a statement the declarant makes not while testifying at the current trial or hearing that is offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c)(1). Under Rule 801(d), statements by a party opponent, including statements made by a co-conspirator during and in furtherance of the conspiracy, are not hearsay. This statement is offered for its effect on the listener, not for the truth of the matter asserted. *See* Fed. R. Evid. 801(c)(2). This is also a statement by a co-conspirator during and in furtherance of the conspiracy. *See* Fed. R. Evid. 801(d)(2)(E).
4. Withdrawn
5. Overruled – Clarifying
    a. This question is not needlessly cumulative because it was phrased differently than prior questions, nor was it asked in a manner that harassed the deponent or confused the issues. *See* Fed. R. Evid. 403. Rather, this

question clarified what the deponent remembered.

6. Withdrawn
7. Withdrawn
8. Withdrawn
9. Withdrawn
10. Withdrawn

The Government also asks to redact portions of the deposition where the attorneys discuss releasing the material witness and the material witness' travel plans. Defendants did not object to the Government's Motion, and such redactions appear proper. The Court will grant these requests. The Government may also redact those objections on which the Court has already ruled, and those withdrawn by counsel.

### III.   Order

Accordingly,

**IT IS ORDERED granting** the Government's Motion in Limine to Admit Video Deposition Testimony at Trial (Doc. 119).

**IT IS FURTHER ORDERED granting** the Government's Motion in Limine for Ruling on Objections from Video Deposition and Government's Additional Proposed Redactions (Doc. 120).

Dated this 9th day of December, 2025.

John C. Hinderaker
United States District Judge